UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:19-CR-00333-01 |
| VERSUS | JUDGE JUNEAU |
| GRANT WADLINGTON (01) | MAGISTRATE JUDGE PATRICK J. HANNA |

## MEMORANDUM RULING

Before the Court is the Defendant's Motion to Dismiss the Indictment, Rec. Doc. 51, on the grounds that the indictment is duplicitous. This Motion is opposed by the Government, Rec. Doc. 54

Duplicity occurs when a single count in an indictment contains two or more distinct offenses, *U.S. v. Miller*, 520 F.3d 504 (5th Cir. 2008). Where a penal statute prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, however, the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense, and the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute. *United States v. Wiley*, 979 F.2d 365, 367 (5th Cir.1992) citing *United States v. Burton*, 871 F.2d 1566, 1573–74 (11th Cir. 1989).

Defendant argues that 18 U.S.C. 2251(a) does not use the word attempt, thus by adding the words "attempted production of child pornography" in each of the four counts of the indictment, the prosecutor added a separate offense in the indictment, making it duplicitous. Defendant further argues that the only reference to attempt to commit production of child pornography is found in 18 U.S.C. 2251(e), a portion of the statute not mentioned in the indictment.

Here, the contested language of the Indictment charges that the Defendant, on separate dates, and with separate victims, "***did knowingly use and attempt to use*** a minor … to engage in sexually explicit conduct … in violation of Title 18, United States Code, Section 2251(a)," Rec. Doc. 10, (emphasis added).

18 U.S.C. 2251 Sexual Exploitation of Children states:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), …
>
> (e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under

>this title and imprisoned not less than 15 years nor more than 30 years, ..."

Part (a) of the statute refers to part (e) which is the penalty clause of 18 U.S.C. 2251. That clause clearly states that it applies to the entire section. The Government argues, and the Court agrees, that 18 U.S.C. 2251 sets forth alternative ways to violate the statute: producing, attempting to produce, and conspiring to produce child pornography. Each alternative way to violate the statute is subject to the same sentence of not less than 15 years nor more than 30 years as set forth in part (e). The Indictment merely recites two of the alternative ways. Accordingly,

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss Indictment, Rec Doc [51], is DENIED.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 4th day of March, 2021.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE