UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:19-CR-00333-01** |
| **VERSUS** | **JUDGE JUNEAU** |
| **GRANT WADLINGTON (01)** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss the indictment filed on behalf defendant Grant Wadlington ("Defendant" or "Wadlington"). (Rec. Doc. 62). The government opposed the motion (Rec. Doc. 65). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendant's motion be DENIED in all respects.

### Factual Background

Defendant was arrested on or about November 1, 2019 on a complaint filed by the U.S. Department of Homeland Security. (Rec. Doc. 1). Shortly thereafter, a grand jury returned an indictment as to Wadlington, specifying four (4) counts of production of child pornography in violation of 18 U.S.C. § 2251(a). (Rec. Doc. 11). Defendant was ordered detained prior to trial and, following several

continuances due to COVID-19-related concerns, is set to be tried before a jury on April 11, 2022. (Rec. Docs. 19, 24, 35, 37, 61).

The instant motion seeks dismissal of the indictment in this case on the basis that it is insufficient to apprise Defendant of the charges against him and permit preparation of a double jeopardy defense. (Rec. Doc. 62).

## Law and Analysis

The Fifth Amendment to the U.S. Constitution provides that a criminal defendant may not "be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The Sixth Amendment guarantees "the right…to be informed of the nature and cause of the accusation[.]" Fed. R. Crim. P. 7(c)(1) instructs that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 12(b)1 and 12(b)(3) provide procedural mechanisms whereby a defendant may challenge the sufficiency of an indictment.

A pretrial motion to dismiss an indictment is properly considered when the alleged defect is essentially one of law, as opposed to one in which the defect pertains to factual determinations.[1] The motion before the Court asserts a defect of

---

[1] *U.S. v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) citing *United States v. Flores*, 404 F.3d 320, 323 (5th Cir. 2005), abrogated on other grounds *Abramski v. United States*, 573 U.S. 169, 191 (2014).

law, in that it alleges insufficiency of the indictment under both the Fifth and Sixth Amendments.

An indictment is constitutionally sufficient under the Fifth and Sixth Amendments when it: (1) contains the elements of the charged offense, (2) fairly informs the defendant of the charges against him, and (3) provides the defendant with a double jeopardy defense against future prosecution for the same offense.[2] "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied up on to support the charges."[3]  An indictment need not set forth every evidentiary detail necessary to establish the elements of the offense since, at the early stage of the criminal proceeding when an indictment is issued, the government is not required to set forth in detail all of the factual evidence by which it plans to establish a defendant's guilt at trial.[4]

In this case, Defendant is charged in the indictment with four (4) distinct violations of 18 U.S.C. § 2251(a), concerning the production of child pornography. (Rec. Doc. 11).  As to each count, the alleged victim is identified by initials and the date of the alleged violation is provided.  The required elements of the offense are also recited in each count.  (*Id.*).  In reviewing an indictment challenged for

---

[2] *U.S. v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986) citing *U.S. v. Gordon*, 780 F.2d 1165, 1171-72 (5th Cir. 1986); *U.S. v. Montemayor*, 703 F.2d 109, 117 (5th Cir.), cert. denied 464 U.S. 822 (1983).
[3] *U.S. v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978).
[4] *U.S. v. Gordon*, 780 F.2d at 1172.

sufficiency, the Court views the allegations of each count as true and evaluates the indictment to see that, taken as true, it alleges a violation of the law cited.[5] Generally, an indictment that tracks the language of the statute is constitutionally sufficient.[6]

Defendant's motion asserts he is entitled to greater factual detail regarding each of the four (4) counts included in the indictment. (Rec. Doc. 62). Although the Court would agree that greater factual detail might have been included, this does not render the indictment defective. As the Fifth Circuit has explained, "[t]he test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[7]

Defendant's motion seeks dismissal not on the grounds that the indictment fails to apprize him of the crime with which he is charged but rather, that the government does not attempt to try the case in the indictment. Although Defendant is entitled to be informed of the charges against him, he is not entitled to be shown each factual allegation the government will attempt to prove in support of those charges.[8] Defendant asserts the indictment is defective in that it fails to describe, as to each count, the precise video evidence constituting a violation. (Rec. Doc. 62 at p. 19, ¶ 36). Defendant's own motion belies his ignorance of the crimes charged.

---

[5]   *U.S. v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) quoting *U.S. v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998).
[6]   *U.S. v. Franco*, 632 F.3d 880, *Hamling v. U.S.*, 418 U.S. 87, 117, reh'g. denied 419 U.S. 885 (1974); *U.S. v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003).
[7]   *U.S. v. Kay*, 359 F.3d at 742.
[8]   *U.S. v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) citing *U.S. v. Lavergne*, 805 F.2d at 517.

Defendant's motion argues, at paragraph 40, that the videos "presented to the grand jury do not depict sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse" and, as such, conviction will depend upon a finding of "'lascivious exhibition of the genitals or pubic area of a minor.'" (*Id.* at p. 20, ¶ 40). Defendant suggests inclusion of these details may provide a basis for the argument that he was not guilty of production of child pornography, but some lesser offense, such as "video voyeurism." (*Id.* at p. 20, ¶ 38).

The sufficiency of the evidence may not be considered in this pretrial motion.[9] Rather, Defendant may craft a defense based on insufficiency of the evidence via discovery, which the government alleges has been provided.[10]  Further, at trial, Defendant may argue that the video evidence, as to which specific dates are provided in the indictment, does not support the charge. Whether Defendant is ultimately successful in that argument is the province of the jury.

Given the foregoing, this Court finds the indictment in this case to be facially valid, as it satisfies the minimum constitutional standards, thereby fairly apprizing Defendant of the charges for which he is to answer at trial. Defendant does not argue

---

[9] *United States v. Strouse*, 286 F.3d 767, 771 (5th Cir. 2002); *United States v. Mann*, 517 F.2d 259, 267; *United States v. Calandra*, 414 U.S. 338 (1974)

[10] Rec. Doc. 65 at p. 4, n. 1.  The Court notes that, in addition to the discovery produced, this case began with a criminal complaint, supported by an affidavit.  The supporting affidavit provides approximately four (4) pages of factual allegation detail, to which the Defendant has access.  Further, the dates and initials of victims alleged in each count of the indictment may be cross-referenced with the videos provided in discovery.

for a bill of particulars in this case. As such, and additionally noting the ample discovery already conducted, the Court does not find that the government should be ordered to file a bill of particulars in this case.

## Conclusion

For the reasons discussed herein, the Court recommends that Defendant's motion to dismiss the indictment in this case be DENIED in all respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 27th day of January, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE